**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

RITA JERNIGAN; PAM JERNIGAN;                                                                PLAINTIFFS
BECCA AUSTIN; TARA AUSTIN;
RANDY EDDY MCCAIN; and
GARY EDDY-MCCAIN

v.                                                  No. 4:13CV00410 JLH

LARRY CRANE, in his official capacity as
Circuit and County Clerk for Pulaski County,
Arkansas; MIKE BEEBE, Governor, in his
official capacity as Governor and Chief Executive
Officer for the State of Arkansas; and
DUSTIN MCDANIEL, in his official capacity as
Attorney General for the State of Arkansas                                                  DEFENDANTS

**ORDER OF RECUSAL**

I am recusing from this case because of long-standing, close personal and professional relationships with persons who were leaders in drafting and campaigning for Amendment 83. One of those persons is identified by name in the body of the complaint. These relationships were forged in the 1980s in campaigns regarding issues similar to, though not the same as, the issues surrounding Amendment 83. The professional aspect of these relationships ceased upon my appointment to this office, but the close personal relationships have continued.

The applicable law provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). This statute imposes on a judge "an affirmative, self-enforcing obligation to recuse himself *sua sponte* whenever the proper grounds exist." *United States v. Kelly*, 888 F.2d 732, 744 (11th Cir. 1989). *See also United States v. Pearson*, 203 F.3d 1243, 1276 (10th Cir. 2000); *In re United States*, 158 F.3d 26, 37 (1st Cir. 1998); *King v. U.S. Dist. Court for Cent. Dist. of Cal.*, 16 F.3d 992, 993 n.2 (9th Cir. 1994); *Taylor*

*v. O'Grady*, 888 F.2d 1189, 1201 (7th Cir. 1989); *Roberts v. Bailar*, 625 F.2d 125, 128 (6th Cir. 1980).  The standard is an objective one – whether the judge's impartiality might reasonably be questioned by an average person who knew all of the relevant facts.  *United States v. Oaks*, 606 F.3d 530, 536 (8th Cir. 2010).

After careful consideration, applying the standard stated in *United States v. Oaks*, I have concluded that 28 U.S.C. § 455(a) requires that I recuse from this matter.

The Clerk is directed to assign this action to another judge.

IT IS SO ORDERED this 18th day of July, 2013.

*J. Leon Holmes*

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE