IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

RITA AND PAM
JERNIGAN; BECCA AND
TARA AUSTIN; AND
RANDY AND GARY
EDDY-McCAIN                                                                                       PLAINTIFFS

VS.                                      NO. 4:13-CV-410KGB

LARRY CRANE, IN HIS
OFFICIAL CAPACITY AS
CIRCUIT AND COUNTY
CLERK FOR PULASKI
COUNTY, ARKANSAS,
ET AL                                                                                             DEFENDANTS

### MOTION TO DISMISS AND ANSWER OF SEPARATE DEFENDANT, LARRY CRANE, IN HIS OFFICIAL CAPACITY AS CIRCUIT AND COUNTY CLERK FOR PULASKI COUNTY, ARKANSAS

COMES the separate Defendant, Larry Crane, in his official capacity as the Circuit and County Clerk of Pulaski County, Arkansas, by his attorneys, Fuqua Campbell, P.A., and for his Motion to Dismiss and Answer to the Complaint of the Plaintiffs, Rita and Pam Jernigan; Becca and Tara Austin; and Randy and Gary Eddy-McCain, state:

### MOTION TO DISMISS

In *Kendall Wright, et al v. State of Arkansas, et al; Pulaski Circuit* No. 60CV-13-2662, plaintiffs assert the same federal constitutional claims raised in the present case as well as constitutional challenges to the state constitutional and legislative strictures against same-sex marriages in Arkansas. As a matter of comity and federalism, this Court should abstain from a decision in the present case in favor of resolution of *Wright*. *See Younger v. Harris*,

1

401 U.S. 37, 91 S. Ct. 746 (1971). The basis for this motion is fully explained in the accompanying brief.

## ANSWER

1. The separate Defendant acknowledges the basis of the Plaintiffs' claims but denies the allegations of paragraph 1 of the Complaint to the extent that they are factual and require admission or denial.

2. The separate Defendant acknowledges the basis of the Plaintiffs' claims but denies the allegations of paragraph 2 of the Complaint to the extent that they are factual and require admission or denial.

3. The separate Defendant assumes the allegations of paragraph 3 of the Complaint are true but lacks knowledge or information sufficient to admit or deny them.

4. The separate Defendant assumes the personal status allegations of paragraph 4 of the Complaint are true but lacks knowledge or information sufficient to admit or deny them. The remaining allegations of paragraph 4 of the Complaint are the Plaintiffs' legal contentions, not statements of fact, and the separate Defendant denies them as such.

5. The separate Defendant assumes the personal status allegations of paragraph 5 of the Complaint are true but lacks knowledge or information sufficient to admit or deny them. The remaining allegations of paragraph 5 of the Complaint are the Plaintiffs' legal contentions, not statements of fact, and the separate Defendant denies them as such.

6. The separate Defendant admits that the marriage license is attached as Exhibit 1 to the Complaint. The separate Defendant assumes the personal status allegations of Paragraph 6 of the Complaint are true but lacks knowledge or information sufficient to admit or deny them. The remaining allegations of paragraph 6 of the Complaint are the

Plaintiffs' legal contentions, not statements of fact, and the separate Defendant denies them as such.

7. The separate Defendant assumes the personal status allegations of paragraph 7 of the Complaint are true but lacks knowledge or information sufficient to admit or deny them. The remaining allegations of paragraph 7 of the Complaint are the Plaintiffs' legal contentions, not statements of fact, and the separate Defendant denies them as such.

8. The separate Defendant denies that the Plaintiffs accurately summarize the holding of *United States v. Windsor*, 133 S.Ct. 2675 (2013) but admit that the case did strike down Section 2 of the Defense of Marriage Act.

9. The separate Defendant acknowledges the Plaintiffs' quotations and references in paragraph 9 of the Complaint but states that the allegations of paragraph 9 are the Plaintiffs' legal contentions, not statements of fact, and the separate Defendant denies them as such.

10. The separate Defendant acknowledges the Plaintiffs' quotations and references in paragraph 10 of the Complaint but states that the allegations of paragraph 10 are the Plaintiffs' legal contentions, not statements of fact, and the separate Defendant denies them as such.

11. The separate Defendant admits the allegations of paragraph 11 of the Complaint.

12. The separate Defendant admits that the law of Arkansas does not recognize a same-sex marriage from another state but lacks knowledge of the remaining allegations of paragraph 12 of the Complaint and therefore denies them.

13. The allegations of paragraph 13 of the Complaint are the Plaintiffs' legal contentions, not statements of fact, and the separate Defendant denies them as such.

14. The separate Defendant admits the allegations of paragraph 14 of the Complaint.

15. The separate Defendant admits the allegations of paragraph 15 of the Complaint.

16. The separate Defendant admits the allegations of paragraph 16 of the Complaint.

17. The allegations of paragraph 17 of the Complaint are the Plaintiffs' legal contentions, not statements of fact, and the separate Defendant denies them as such.

18. The separate Defendant admits that this Court has jurisdiction.

19. The separate Defendant admits that venue is proper.

20. Marriage is a status conferred by state law regardless of the sex of the participants; nonetheless, the separate Defendant accepts the Plaintiffs' statement.

21. The separate Defendant acknowledges the Plaintiffs' quotations and references in Paragraph 21 of the Complaint but states that the allegations of paragraph 21 are the Plaintiffs' legal contentions, not statements of fact, and the separate Defendant denies them as such.

22. The separate Defendant acknowledges the Plaintiffs' quotations and references in Paragraph 22 of the Complaint but states that the allegations of paragraph 22 are the Plaintiffs' legal contentions, not statements of fact, and the separate Defendant denies them as such.

23. The separate Defendant lacks knowledge sufficient to admit or deny the allegations of paragraph 23 of the Complaint and therefore denies them.

24. The separate Defendant lacks knowledge sufficient to admit or deny the allegations of paragraph 24 of the Complaint and therefore denies them.

25. The separate Defendant denies the allegations of paragraph 25 of the Complaint.

26. The allegations of paragraph 26 of the Complaint are the Plaintiffs' legal contentions, not statements of fact, and the separate Defendant denies them as such.

27. The allegations of paragraph 27 of the Complaint are the Plaintiffs' legal contentions, not statements of fact, and the separate Defendant denies them as such.

28. The allegations of paragraph 28 of the Complaint are the Plaintiffs' legal contentions, not statements of fact, and the separate Defendant denies them as such.

29. The allegations of paragraph 29 of the Complaint are the Plaintiffs' legal contentions, not statements of fact, and the separate Defendant denies them as such.

30. The allegations of paragraph 30 of the Complaint are the Plaintiffs' legal contentions, not statements of fact, and the separate Defendant denies them as such.

31. The allegations of paragraph 31 of the Complaint are the Plaintiffs' legal contentions, not statements of fact, and the separate Defendant denies them as such.

32. The separate Defendant denies the allegations of paragraph 32 of the Complaint.

33. The separate Defendant incorporates the foregoing paragraphs of this Answer.

34. The separate Defendant admits the allegations of paragraph 34 of the Complaint.

35. The allegations of paragraph 35 of the Complaint are the Plaintiffs' legal contentions, not statements of fact, and the separate Defendant denies them as such.

36. The allegations of paragraph 36 of the Complaint are the Plaintiffs' legal contentions, not statements of fact, and the separate Defendant denies them as such.

37. The allegations of paragraph 37 of the Complaint are the Plaintiffs' legal contentions, not statements of fact, and the separate Defendant denies them as such.

38[37]. The allegations of paragraph 38 of the Complaint are the Plaintiffs' legal contentions, not statements of fact, and the separate Defendant denies them as such.

39[38]. The allegations of paragraph 39 of the Complaint are the Plaintiffs' legal contentions, not statements of fact, and the separate Defendant denies them as such.

40[39]. The separate Defendant denies the allegations of paragraph 40 of the Complaint.

41[40]. The separate Defendant incorporates the foregoing paragraphs in this Answer.

42[41]. The separate Defendant admits the allegations of paragraph 42 of the Complaint.

43[42]. The separate Defendant admits the allegations of paragraph 43 of the Complaint.

44[43]. The allegations of paragraph 44 of the Complaint are the Plaintiffs' legal contentions, not statements of fact, and the separate Defendant denies them as such.

45[44]. The allegations of paragraph 45 of the Complaint are the Plaintiffs' legal contentions, not statements of fact, and the separate Defendant denies them as such.

46[45]. The separate Defendant admits the allegations of paragraph 46 of the Complaint.

47[46]. The allegations of paragraph 47 of the Complaint are the Plaintiffs' legal contentions, not statements of fact, and the separate Defendant denies them as such.

48[47]. The allegations of paragraph 48 of the Complaint are the Plaintiffs' legal contentions, not statements of fact, and the separate Defendant denies them as such.

49[48]. The allegations of paragraph 49 of the Complaint are the Plaintiffs' legal contentions, not statements of fact, and the separate Defendant denies them as such.

50[49]. The separate Defendant denies the allegations of paragraph 50 of the Complaint.

51[50]. The separate Defendant denies the allegations of paragraph 50 of the Complaint.

52. The separate Defendant denies, generally and specifically, each and every material allegation of the Complaint not specifically admitted herein.

WHEREFORE, premises considered, the separate Defendant, Larry Crane, in his official capacity as the Circuit and County Clerk of Pulaski County, Arkansas, prays that the Complaint of the Plaintiffs, Rita and Pam Jernigan; Becca and Tara Austin; and Randy and Gary Eddy-McCain, be dismissed, for their costs herein, and for all other appropriate relief.

**Fuqua Campbell, P.A.**
Attorneys at Law
425 West Capitol Ave., Suite 400
Little Rock, Arkansas 72201
(501) 374-0200

*/s/ David M. Fuqua*

By: David M. Fuqua
Ark. Bar No. 80048
E-mail: dfuqua@fc-lawyers.com
Attorneys for the separate Defendant,
Larry Crane, in his official capacity

## CERTIFICATE OF SERVICE

I, David M. Fuqua, do hereby certify that I served a copy of the foregoing by means of the Court's ECF/CM system on the following attorneys of record:

Angela Griffith Mann
angela@wagonerlawfirm.com

R. Keith Pike
keith@wagonerlawfirm.com

Jack Wagoner, III
jack@wagonerlawfirm.com

Nga Mahfouz
nga.mahfouz@arkansasag.gov

on this 21st day of November, 2013.

*/s/ David M. Fuqua*

David M. Fuqua