# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**RITA and PAM JERNIGAN and BECCA**                                                **PLAINTIFFS**
**and TARA AUSTIN**

**v.**                              **NO. 4:13-CV-410 KGB**

**LARRY CRANE, In His Official Capacity As**                                       **DEFENDANTS**
**Circuit And County Clerk For Pulaski**
**County, Arkansas And His Successors In**
**Interest; RICHARD WEISS, In His Official**
**Capacity As Director of the Arkansas**
**Department of Finance and Administration**
**And His Successors in Interest; GEORGE**
**HOPKINS, In His Official Capacity as**
**Executive Director of the Arkansas Teacher**
**Retirement System And His Successors In**
**Interest; and DUSTIN MCDANIEL, In His**
**Official Capacity As Attorney General For**
**The State Of Arkansas and His Successors in**
**Interest**

## BRIEF IN SUPPORT OF SEPARATE DEFENDANTS' MOTION TO STAY

The State hereby requests a stay of proceedings in this case pending resolution by the United States Supreme Court of the *certiorari* petition that has been filed by the State of Utah on August 5, 2014, in *Herbert v. Kitchen*, United States Supreme Court No. 14-124 (*certiorari* petition arising out of *Kitchen v. Herbert*, No. 13-4178, ___ F.3d ___, 2014 WL 2868044 (10th Cir. June 25, 2014), where the State of Utah is seeking review of Tenth Circuit's affirmance of a Utah district court's ruling that Utah's marriage laws violate federal due process and equal protection guarantees. *See Kitchen v. Herbert*, No. 13-4178, ___ F.3d ___, 2014 WL 2868044 (10th Cir. June 25, 2014).

On January 6, 2014, the United States Supreme Court issued a stay of the Utah district court's ruling. *See Herbert v. Kitchen*, No. 13A687, 134 S. Ct. 893 (Jan. 6, 2014). The filing of a *certiorari* petition in a case where the U.S. Supreme Court has already granted a stay of the district court's ruling indicates that the U.S. Supreme Court is likely to provide that decision in a case now pending before the U.S. Supreme Court. *See Hollingsworth v. Perry*, 558 U.S. 183, 189-90 (2010) (per curiam).[1] The mandate in *Kitchen* has been stayed by the Tenth Circuit as well, pending the disposition of any petition for writ of certiorari. *Id*.

The Question presented to the United States Supreme Court by Utah is: "Whether the Fourteenth Amendment to the United States Constitution prohibits a state from defining or recognizing marriage only as the legal union between a man and a woman." *Id*., § 1. As indicated by the body of Utah's *certiorari* petition, Utah's broad question presented to the Supreme Court encompasses the federal due process and equal protection claims raised in this case by the Plaintiffs who seek recognition of their marriages from other jurisdictions, and the Plaintiffs who seek to marry in Arkansas. Any ruling from the Supreme Court on these issues will be controlling and dispositive in this case.

---

[1] The United States Supreme Court has also recently issued a stay in another marriage case raising issues similar to the instant case: *Herbert v. Evans*, No. 14A65, 2014 WL 3557112 (U.S. July 18, 2014). *Evans* involved a preliminary injunction issued by the district court requiring Utah to recognize same-sex marriages resulting from licenses issued in the "gap" between the time that an injunction issued in *Kitchen* and the Supreme Court issued a stay. The *Evans* defendants requested a stay which the Tenth Circuit denied after analyzing the request under the accepted standards and concluding that the defendants failed to meet their burden of showing a stay should be issued. *See Evans v. State of Utah*, No. 14-4060 (10th Cir. July 11, 2014). Notwithstanding this denial, and the fact that the Tenth Circuit had already spoken in *Kitchen*, on July 18, 2014, the Supreme Court issued a stay "pending final disposition of the appeal by the United States Court of Appeals for the Tenth Circuit." *Herbert v. Evans*, No. 14A65, 2014 WL 3557112 (U.S. July 18, 2014). *Evans* is a companion case to *Kitchen*, both addressing the application of Utah's same-sex marriage laws, which are substantively identical to Arkansas's same-sex marriage laws.

The power to stay a case "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). "Courts have the inherent power to stay proceedings pending a decision by the U.S. Supreme Court in another case." *Lair v. Murry*, 871 F.Supp.2d 1058, 1068 (D. Mont. 2012) (citing *Landis*, *supra*). *See also American Life Ins. Co. v. Stewart*, 300 U.S. 203, 215 (1937) (a court may hold one action in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues); *Blinder, Robinson & Co., Inc. v. U.S.S.E.C.*, 692 F.2d 102, 106 (10th Cir. 1982) ("court may, in its discretion, defer or abate proceedings where another suit, involving the identical issues, is pending either in federal or state court, and it would be duplicative, uneconomical and vexatious to proceed."); *Bechtel Corp. v. Local 215, Laborers' Intern. Union of North America, AFL-CIO*, 544 F.2d 1207, 1215 (3rd Cir. 1976) (affirming stay of proceedings where resolution of a separate action "may obviate the need to pursue" the action); *Louis Berger Group, Inc. v. State Bank of India*, 802 F.Supp.2d 482 (S.D.N.Y. 2011) (stay of proceedings is particularly appropriate where stay will promote judicial economy, avoid confusion, and possibly avoid inconsistent results).

In order to promote economy of time and effort for itself, for counsel, and for the parties, and to avoid confusion and the risk of an inconsistent result with the United States Supreme Court in a case presenting identical federal constitutional issues, this Court should stay proceedings in this case pending the resolution of Utah's *certiorari* petition by the United States Supreme Court in *Herbert v. Kitchen*. If the United States Supreme Court grants *certiorari* in *Herbert v. Kitchen*, then the outcome of this case will be controlled by the Supreme Court's decision in that case, and any proceedings before this Court will be moot. Without a stay of

these proceedings, the parties and the Court will suffer the hardship of unnecessary and unwarranted litigation, and the parties and Court could suffer the hardship of a ruling quickly reversed or modified by the United States Supreme Court.  A stay of proceedings will not harm the Plaintiffs because their claims will either be decided by the U.S. Supreme Court, or their claims will be decided by this Court if the U.S. Supreme Court denies *certiorari*.

                Respectfully Submitted,

                RICHARD WEISS, In His Official Capacity And His Successors in Interest; GEORGE HOPKINS, In His Official Capacity And His Successors In Interest; and DUSTIN MCDANIEL, In His Official Capacity and His Successors in Interest

By:   /s/ Nga Mahfouz
       Nga Mahfouz    AR Bar No. 96149
       Assistant Attorney General
       323 Center Street, Suite 200
       Little Rock, Arkansas 72201
       Telephone: (501) 682-5311
       Facsimile:  (501) 682-2591
       E-mail:  nga.mahfouz@arkansasag.gov

*Attorney for Director Richard Weiss and Executive Director George Hopkins*

## CERTIFICATE OF SERVICE

    I, Nga Mahfouz, Assistant Attorney General, do hereby certify that on August 6, 2014, I electronically filed the forgoing with the Clerk of the Court using the CM/ECF system.

                /s/ Nga Mahfouz
                Nga Mahfouz    AR Bar No. 96149