**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS**

**RITA AND PAM JERNIGAN AND
BECCA AND TARA AUSTIN**                                                    **PLAINTIFFS**

**v.**

**LARRY CRANE, In His Official Capacity
As Circuit And County Clerk For Pulaski County
And His Successors In Interest; RICHARD WEISS,
In His Official Capacity As Director Of The Arkansas
Department Of Finance And Administration,
And His Successors In Interest; GEORGE HOPKINS,
In His Official Capacity As Executive Director Of
The Arkansas Teacher Retirement System And His
Successors In Interest; DUSTIN McDANIEL, In His
Official Capacity As Attorney General For The State
Of Arkansas And His Successors In Interest**                    **DEFENDANTS**

### BRIEF IN SUPPORT OF RESPONSE TO SEPARATE DEFENDANTS' MOTION TO STAY

Defendants move the Court to stay Plaintiffs' case until the United States Supreme Court decides an appeal in *Kitchen v. Herbert*—an entirely separate case from a different circuit in which the Supreme Court has not even granted *certiorari*. Defendants have presented no legal basis—and Plaintiffs are aware of none—for staying this case based purely on speculation that the United States Supreme Court may at some point in the future resolve a similar question posed by a case from another state involving unrelated parties. Each day that passes prolongs Plaintiff's irreparable injuries. Most importantly, a stay would unnecessarily prolong the harm Plaintiffs suffer from being denied the protections and security of marriage, whereas denial of the requested stay would not harm the Defendants.

## ARGUMENT

The Supreme Court has held that granting a stay in one case pending the outcome of another is permissible "[o]nly in rare circumstances." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). A moving party must meet a very high bar before "a litigant in one cause [will] be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Id.* "[I]f there is even a fair possibility that the stay for which [Defendants] pray[] will work damage[] to someone else, . . . the suppliant for a stay must make out a clear case of hardship in being required to go forward." *Id.* "A court may properly stay an action where the following three criteria are met: (1) the stay does not prejudice the non-movant; (2) the movant would suffer hardship and inequity without a stay; and (3) the stay serves the interests of judicial economy and efficiency." *Adams v. Tyson Foods, Inc.*, 2007 WL 1539325, at *1 (W.D. Ark. May 25, 2007).  Defendants cannot satisfy this high bar.

As explained below, all of the relevant factors support a stay: (1) judicial economy will not be served by staying this case until the United States Supreme Court decides *Kitchen* on the merits; (2) the Plaintiffs are harmed every day that they are denied the right to marry or have their marriages recognized by the State; and (3) the Defendants will suffer no hardship as a result of defending the State's discriminatory laws and policies now, rather than after the United States Supreme Court potentially decides the questions posed in *Kitchen.* In fact, even the cases relied upon by Defendants show that they have failed to satisfy any of the prerequisites for granting a stay.

A. **JUDICIAL ECONOMY WILL NOT BE SERVED BY GRANTING THE REQUESTED STAY**

Defendants' arguments about judicial economy are entirely speculative. The parties have not even completed briefing on the petition for *certiorari* in *Kitchen*, nor is it known when the Supreme Court will rule on the petition, or if it will decide to take the case. *See Lair v. Murry*, 871 F. Supp. 2d 1058, 1068 (D. Mont. 2012)(recognizing that any stay of one case in favor of another in which a petition for *certiorari* is pending before the Supreme Court would "necessarily be indefinite because the Court cannot predict when the U.S. Supreme Court will resolve" the other case.). Many similar cases—none of which have been stayed pending *Kitchen*—are currently working their way through the various Courts of Appeals. *See, e.g.*, Petition for *Certiorari*, *Rainey v. Bostic*, No. 14-153 (S. Ct. Aug. 8, 2014)(requesting review of Fourth Circuit's decision in *Bostic v. Schaefer*, 2014 WL 3702493 (4th Cir. July 28, 2014)); Order Setting Oral Argument, *DeBoer v. Snyder*, Nos. 14-1341, 3057, 3464, 5291, 5297 (6th Cir. July 14, 2014)(setting oral argument on August 6, 2014 in five different appeals from five different states regarding their respective same-sex marriage bans). In fact, the Fourth Circuit Court of Appeals just denied a motion to stay its decision finding Virginia's marriage laws unconstitutional pending review by the Supreme Court. *Bostic*, Case No. 14-1167, Doc. No. 247 (4th Cir.). The Supreme Court may wait until a split emerges among the Circuit Courts regarding the constitutionality of same-sex marriage bans, or may review an entirely different case. Thus, a stay in this case pending the Supreme Court's resolution of *Kitchen* would necessarily be indefinite and improper.

Moreover, if the Supreme Court denies *certiorari*, the final judgment in *Kitchen* will not be dispositive of this case, because this Court is not bound by the Tenth

Circuit's rulings.  The Tenth Circuit's decision in *Kitchen* does not even provide guidance to this Court on the equal protection questions raised by two out of the three claims brought by plaintiffs.  *See Kitchen*, --- F.3d ---, 2014 WL 2868044, at *1 (10th Cir. June 25, 2014)(ruling on due process grounds and declining to reach equal protection questions). Due to the uncertain and indefinite timing of any resolution of *Kitchen* and because *Kitchen* will not likely resolve all questions of law raised by this case, this Court should proceed with this case.

### B.  THE PLAINTIFFS WILL SUFFER UNDUE HARDSHIP IF THIS COURT STAYS THEIR CASE

A stay of this case will certainly harm Plaintiffs. Deprivation of constitutional rights "for even minimal periods of time, unquestionably constitutes irreparable harm." *See Elrod v. Burns*, 427 U.S. 347, 373 (1976). Plaintiffs here are also suffering serious ongoing legal and financial harms. As Plaintiffs' Complaint demonstrates, Arkansas's treatment of Plaintiffs' relationships as lesser than the relationships of opposite-sex couples who are married or want to become married deprives them of important constitutional rights, causes them anxiety and stress, deprives them of dignity as individuals and as couples, and has ongoing financial ramifications. For example, because Plaintiffs Becca and Tara Austin cannot marry, Becca is not recognized as a legal parent to their twin children. (Complaint ¶ 4.) Similarly, because Plaintiffs Rita and Pam Jernigan cannot marry, Rita's retirement plan prohibits Pam from receiving surviving spouse benefits in the event of Rita's death. (Complaint ¶ 5.)

Defendants ignore these ongoing harms and state that "[a] stay of proceedings will not harm the Plaintiffs because their claims will either be decided by the U.S. Supreme Court, or their claims will be decided by this Court if the U.S. Supreme Court

denies *certiorari.*"  (Mtn. to Stay at 5.) This position is untenable. Even if a ruling by the Supreme Court ultimately addresses the issues in this case, Plaintiffs will still be harmed by the delay of waiting for that decision, which could be months or years from now.

### C.    DEFENDANTS WILL SUFFER NO HARDSHIP AS A RESULT OF DEFENDING THE STATE'S DISCRIMINATORY LAWS AND POLICIES

Defendants can show no legitimate hardship that they will suffer if the stay is not granted. *Wilson v. City of Malvern*, 2007 WL 2750685, at *2 (W.D. Ark. Sept. 19, 2007)(denying defendants' motion to stay where defendants "made no attempt to demonstrate a hardship or inequity" that would result if the case were not stayed). Speculation about future events cannot support a finding of harm sufficient to grant a stay. *See, e.g, Whitehouse v. Illinois Cent. R.R. Co.*, 349 U.S. 366, 371 (1955)("[I]t is doubtful whether these hypothetical injuries are fairly to be deemed irreparable and without other adequate administrative or judicial remedy."). Thus, the bare speculative possibility that the Supreme Court may resolve the issues in this case at some uncertain point in the future in another case does not constitute harm to Defendants. In contrast, as stated above, the harms to Plaintiffs from the delay of this case are immediate, ongoing, and irreparable.

"If there is even a fair possibility that a stay will cause damage to someone else . . . the moving party [must] clearly demonstrate hardship or inequity if it is required to go forward." *Georgia-Pacific Consumer Products, LP v. Meyers Supply, Inc.*, 2009 WL 256109, at *2 (W.D. Ark. Feb. 3, 2009). Defendants are unable to set forth any concrete harms that they will suffer if the Court denies the requested stay. Therefore, the Court

must deny the Motion because Defendants cannot offset the harms that Plaintiffs will experience if the stay is granted.

### D.   THE CASES CITED IN DEFENDANTS' MOTION ACTUALLY SUPPORT DENIAL OF THE REQUESTED STAY

The cases that Defendants rely upon in their Motion actually support—in fact, require—denial of a stay. Defendants primarily rely on *Landis* as support for their motion for a stay. However, the Court in *Landis* denied the same relief requested here and precludes granting a stay here. Like Defendants here, the defendant Attorney General in *Landis* requested a stay of that action "until the validity [of the statute in question] has been determined by the Supreme Court of the United States." *Landis*, 299 U.S. at 251. The Supreme Court reversed the lower court's grant of a stay, holding that "the limits of a fair discretion are exceeded in so far as the stay is to continue in effect . . . until the determination *by this court of any appeal*." *Id.* at 257 (emphasis added). The Supreme Court instructed that "the uttermost limit" for imposing a stay in one case pending the outcome of another is the date of the trial court decision in the other case. *Id.* at 257–58. The trial court issued its final judgment in *Kitchen* in December of 2013. *See* 961 F. Supp. 2d 1181 (D. Utah 2013). Thus, *Landis* precludes issuing a stay here. *Id.* at 257. Defendants also cite *Lair v. Murry*, 871 F. Supp. 2d 1058, 1068 (D. Mont. 2012), which, as stated above, recognized that any stay of one case in favor of another in which a petition for *certiorari* is pending before the Supreme Court would "necessarily be indefinite because the Court cannot predict when the U.S. Supreme Court will resolve" the other case. *Id.*[1]

---

[1] Defendants' reliance on *Bechtel Corp. v. Local 215, Laborers' Intern. Union of North America, AFL-CIO*, 544 F.2d 1207, 1215 (3d Cir. 1976) and *Louis Berger Group, Inc. v. State Bank of India*, 802 F. Supp. 2d

## CONCLUSION

For the foregoing reasons, this Court should deny Separate Defendants' Motion to Stay. Defendants have not met a single element required for the granting of a stay. Defendants' Motion wrongfully seeks to delay the just resolution of Plaintiffs' case and only perpetuates the harms suffered by the Plaintiffs. This Court should not allow any unnecessary continuation of the deprivation of Plaintiffs' constitutional rights.

**Dated: August 13, 2014**                      Respectfully submitted,

                                                WAGONER LAW FIRM, P.A.


                                        By:     /s/ Angela Mann
                                                Jack Wagoner III, A.B.A. # 89096
                                                Angela Mann, A.B.A. # 2011225
                                                Wagoner Law Firm, P.A.
                                                1320 Brookwood, Suites D & E
                                                Little Rock, AR 72202
                                                Phone: (501) 663-5225
                                                Fax: (501) 660-4030
                                                Email: jack@wagonerlawfirm.com
                                                Email: angela@wagonerlawfirm.com

---

482 (S.D.N.Y. 2011) is similarly misplaced as each of these cases involved stays permitting a case to be decided through arbitration and thus have no relevance here.

## <u>CERTIFICATE OF SERVICE</u>

I, Angela Mann, do hereby certify that a true and correct copy of the foregoing document was served electronically by means of the Court's ECF/CM system on the following attorney of record:

David M. Fuqua
dfuqua@fc-lawyers.com

Nga Mahfouz
nga.mahfouz@arkansasag.gov

/s/ Angela Mann