## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

| | |
|---|---|
| RITA and PAM JERNIGAN and BECCA and TARA AUSTIN | PLAINTIFFS |
| v.      NO. 4:13-CV-410 KGB | |
| LARRY CRANE, In His Official Capacity As Circuit And County Clerk For Pulaski County, Arkansas And His Successors In Interest; RICHARD WEISS, In His Official Capacity As Director of the Arkansas Department of Finance and Administration And His Successors in Interest; GEORGE HOPKINS, In His Official Capacity as Executive Director of the Arkansas Teacher Retirement System And His Successors In Interest; and DUSTIN MCDANIEL, In His Official Capacity As Attorney General For The State Of Arkansas and His Successors in Interest | DEFENDANTS |

### RESPONSE TO MOTION FOR ATTORNEYS' FEES AND COSTS

**I. INTRODUCTION**

Plaintiffs have belatedly[1] requested an award of $15,900 in attorneys' fees for work allegedly performed by Cheryl Maples—one of Plaintiffs' five attorneys—along with $511.47 in costs. This Court should deny the request under 42 U.S.C. § 1988 and Rule 54(d) because it has not been supported by sufficient evidence and is predicated on redundant and unnecessary work.[2]

---

[1] This Court entered judgment in favor of Plaintiffs on November 25, 2014, making Plaintiffs' request for attorneys' fees due on or before December 9, 2014. *See* Fed. R. Civ. P. 54(d)(2)(B)(i). Plaintiffs' untimely request was filed on December 12, 2014.

[2] In the alternative, Defendants request that this Court defer ruling on Plaintiffs' request for fees and costs pending resolution of the appeal taken from the judgment entered on November 25, 2014. *See* Notes of Advisory Committee on Rules on Rules – 1993 Amendment, Fed. R. Civ. P. 54 ("If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved.")

## II. ARGUMENT

A plaintiff must be a "prevailing party" to recover a reasonable attorneys' fee under Section 1988. *Id*. While "[i]t remains for the [trial] court to determine what fee is 'reasonable,'" *Hensley v. Eckhart*, 461 U.S. 424, 433 (1983), a reasonable fee is "one that is 'adequate to attract competent counsel, but ... [that does] not produce windfalls to attorneys.'" *Blum v. Stenson,* 465 U.S. 886, 897 (1984) (quoting S.Rep. No. 94-1011, 94th Cong., 2d Sess. 6, *reprinted in* 1976 U.S. Code Cong. & Admin. News 5908, 5913).

### A. The Fee Petition Is Not Supported By Sufficient Proof.

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id*. "**The party seeking an award of fees should submit <u>evidence</u> supporting the hours worked and the rates claimed**. Where the determination of hours is inadequate, the [trial] court may reduce the award accordingly." *Id*. (emphasis added). "The fee applicant (whether a plaintiff or a defendant) must, of course, submit appropriate documentation to meet the burden of establishing entitlement to an award." *Fox v. Vice*, ___ U.S. ___, 131 S. Ct. 2205, 2216 (2011). "The fee request should, at a minimum, (1) provide dates work was performed, (2) a reasonable, specific description of the work, and (3) time expended on the work." *Central Cab Co. v. Cline*, 972 F. Supp. 370, 374 (S.D.W.Va. 1997). "[T]he burden is on the fee applicant to produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Grissom v. The Mills Corp.*, 549 F.3d 313, 321 (4th Cir. 2008).

Applying this standard to the case at bar, the only documentary support that Plaintiffs have provided to this Court is Exhibit A, entitled "Time Sheet." The accuracy of the entries and the

reasonableness of the hourly rate contained in those entries have not been verified by any affidavits. Furthermore, the "Time Sheet" is a generalized summary of time allegedly worked, whereas "[c]ontemporaneously recorded time sheets are the preferred practice." *Webb v. Board of Educ. of Dyer County, Tenn.*, 471 U.S. 234 (1985) (citing *Hensley v. Eckerhart,* 461 U.S. 424, 441 (1983) (Burger, C.J., concurring)).

### B. The Fee Petition Is Based On Unnecessary And Redundant Work.

Additional factors should be considered after a prevailing party submits the requisite evidence supporting a threshold claim for attorneys' fees: "The product of reasonable hours times a reasonable rate does not end the inquiry. There remain other considerations that may lead the [trial] court to adjust the fee upward or downward[.]" *Hensley*, 461 U.S. at 434. For example, in determining the number of hours "reasonably expended," hours that are excessive, redundant, or otherwise unnecessary should be excluded. *See*, *e.g.*, *Rural Water System # 51 v. City of Sioux Center*, 202 F.3d 1035 (8th Cir. 2000). A reduction may also be had where the court determines that multiple attorneys were unnecessarily or needlessly used, *see*, *e.g.*, *Gay Officers Action League v. Puerto Rico*, 247 F.3d 288 (1st Cir. 2001), or where the conduct of the prevailing party's attorneys needlessly consumed the court's time or unnecessarily prolonged the litigation. *See*, *e.g.*, *Luciano v. Olsten Corp.*, 109 F.3d 111 (2nd Cir. 1997). Furthermore, work which could have been performed by support staff is not compensable. *See Granville House, Inc. v. Department of Health, Educ. and Welfare,* 813 F.2d 881, 884 (8th Cir. 1987) (finding that a plaintiff's attorney was not entitled to compensation for work which "could have been done by support staff").

In the present case, Plaintiffs are seeking $15,900 for 63.60 hours billed by Ms. Maples. However, the majority of the work and costs listed on Exhibit A to the request for fees is excessive, redundant, or otherwise unnecessary. Consider the following:

- Ms. Maples was not lead counsel in this matter.

- She filed her Notice of Appearance as co-counsel over a year after Plaintiffs commenced this lawsuit, six months after the State filed its Motion to Dismiss, and after Plaintiffs had already moved for Summary Judgment.

- Ms. Maples has claimed 0.8 hours as the amount of time it took her to prepare and file a Notice of Appearance—a two-sentence document based on a standard Official Form that could have been easily prepared and filed by support staff.

- A number of items appearing on Exhibit A are vague and lacking in any type of description, thus making it impossible to determine whether the reported actions were even necessary. For example, Ms. Maples has claimed 4.25 hours for traveling to a meeting with Mr. Wagoner on July 15; 2.25 hours for traveling to a meeting with Mr. Wagoner on November 5; and 3.0 hours for traveling to meet with Mr. Wagoner on November 19.  (Presumably, a telephone or ubiquitous and free video-conference technology, such as Facetime or Skype, could have been used to facilitate such discussions among co-counsel, rather than undertaking hours of road trips).  She also seeks a recovery for .3 hours for reviewing text messages.  And she has asked for 16.75 hours for unspecified research and "review" (well after case had commenced and months after briefing had already closed on the Motion to Dismiss and Motion for Summary Judgment).

- Ms. Maples has claimed 2.0 hours for reviewing the docket and "short entries."  On the date Ms. Maples allegedly studied the docket for two hours, there were only 24 docket entries, most of them consisting of non-substantive matters such as entries of appearance, motions for extension of time, the issuance of summonses, and so

forth. Apart from the fact that two hours is an excessive amount of time to spend reviewing a docket report comprised of 24 entries, reviewing such entries was unnecessary because, by that time, all dispositive motions had already been filed and with, the exception of her Notice of Appearance, Motion for Fees, and the motion for extension of time to file said Motion for Fees, Ms. Maples did not file any pleadings in this matter.

- Ms. Maples has claimed she spent 0.25 hours to review the Court's Notice of Hearing issued on November 20, 2014.

- Ms. Maples wants this Court to credit her with 0.20 hours to review Notices of Supplemental Authority filed by Ms. Maples' co-counsel on November 18 and 19.

- She has claimed 12.5 total hours to prepare for an oral argument in this Court, which was held after a hearing at the Arkansas Supreme Court and presenting the exact same federal claims argued at the hearing in this matter. Moreover, Ms. Maples was not lead counsel at the hearing and is one of five counsel of record listed for Plaintiffs.

- Ms. Maples wants $336.75 for making 1,347 copies at $0.25 per page. The documents which Ms. Maples copied are unspecified, and the necessity of the copies is unclear given her role in this matter, as described throughout this brief.

- She seeks $174.72 for mileage, but the destinations and the purposes of the trips have not been specified (much less justified).

In summary, the work performed by Ms. Maples unnecessary or redundant. Ms. Maples was not lead counsel. She did not file pleadings, other than her Notice of Appearance, which was filed long after the suit had commenced and briefing of the dispositive issues had already been

filed. Moreover, the claims in this suit are duplicative of a parallel state court lawsuit which had proceeded more quickly and was argued to the Arkansas Supreme Court before a hearing was held on the dispositive motions in this case.

### III. CONCLUSION

For these reasons, Plaintiffs' request for an award of attorney's fees should be denied entirely because it is supported by insufficient proof. *See*, *e.g.*, *MacDissi v. Valmont Industries, Inc.*, 856 F.2d 1054, 1061 (8th Cir. 1988) ("The maintenance of such records is certainly desirable, and district courts may reduce or eliminate attorneys' fees awards where the absence of such records leaves the court without a reliable basis on which to award fees.") (citing *Hensley*, 461 U.S. at 433). In addition, the work allegedly performed was redundant, excessive, and unnecessary.

> Respectfully Submitted,
>
> RICHARD WEISS, In His Official Capacity And His Successors in Interest; GEORGE HOPKINS, In His Official Capacity And His Successors In Interest; and DUSTIN MCDANIEL, In His Official Capacity and His Successors in Interest

By: /s/ Nga Mahfouz
Nga Mahfouz     AR Bar No. 96149
Assistant Attorney General
323 Center Street, Suite 200
Little Rock, Arkansas 72201
Telephone: (501) 682-5311
Facsimile:  (501) 682-2591
E-mail:  nga.mahfouz@arkansasag.gov

*Attorney for Director Richard Weiss,
Executive Director George Hopkins, and
Attorney General Dustin McDaniel.*

## CERTIFICATE OF SERVICE

I, Nga Mahfouz, Assistant Attorney General, do hereby certify that on December 23, 2014, I electronically filed the forgoing with the Clerk of the Court using the CM/ECF system.

/s/ Nga Mahfouz
Nga Mahfouz     AR Bar No. 96149